**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TENNESSEE PLASTICS, INC., Respondent.**

**No. 73–1445.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1973.

Decided Jan. 3, 1974.

Charles Cohen, National Labor Relations Board, for petitioner; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Asst. Gen. Counsel, David Miller, Atty., National Labor Relations Board, Washington D. C., on brief.

Anthony J. Leggio, James W. Wimberly, Jr., Mitchell, Pate & Anderson, Atlanta, Ga., on brief, for respondent.

Before CELEBREZZE and LIVELY, Circuit Judges, and WILSON,* District Judge.

ORDER

The N.L.R.B. seeks to have enforced its order against Tennessee Plastics to

---

* The Honorable Frank W. Wilson, United States District Judge for the Eastern District of Tennessee, sitting by designation.

bargain with the Union and enter into a signed *agreement with it.* An election was held which the Union won, 299 to 212. The company filed several objections which, after being investigated by the Regional Director, were found to be without merit. The findings of the Regional Director were adopted by the Board and the Union was certified as the exclusive bargaining representative of the company's employees. When the Union requested the company to recognize and bargain with it, the company refused to do so. In the ensuing unfair labor practice proceeding, the company admitted its refusal to bargain but contended that the election and the certification of the Union were invalid. At the hearing, the Board granted the motion of the General Counsel for summary judgment on the basis that the company was attempting to re-litigate issues raised in its objections to the election. The company contended that it was being deprived of an opportunity to present evidence. In granting summary judgment, the Board found that the company had not offered to present any new evidence nor given any reason why the Board should reconsider its decision with respect to the election. Thus, the company was found to have violated 29 U.S.C. § 158(a)(5) and (1).

Being of the opinion that the company's exceptions fully complied with the standards for a Board hearing prescribed by its own Rules and Regulations as well as by the applicable authorities, it is ordered that the Board's application for enforcement of its order be and it is hereby denied, the said order and the order approving and adopting the Regional Director's Report, are vacated, and the action is hereby remanded to the Board with directions that the company be afforded a full adversary hearing upon its exceptions to the Regional Director's Report either before the Board itself or a hearing officer. Any findings emerging from such hearing shall be subject to applicable review procedures. N. L. R. B. v. Medical Ancillary Services, Inc., 478 F.2d 96 (6th Cir. 1973).